Filed June 22, 1894.

---

No. 1,705.

## LAKE ERIE AND WESTERN R. R. CO. *v.* WALTERS.

MUNICIPAL CORPORATION.—*Street Improvement.*—*Not in Strict Compliance with Contract.*—*Recovery.*—Where the construction of a railroad switch in the street, with the consent of the city, subsequently to the letting of the contract for the street improvement, rendered strict compliance with the same impossible, the contractor may recover for his work and material expended in executing the contract as far as it was possible under the circumstances.

From the Howard Circuit Court.

*M. Bell, W. C. Purdum, W. E. Hackedorn* and *J. B. Cockrum,* for appellant.

*J. F. Morrison, T. C. McReynolds, B. C. Moon* and *C. Wolf,* for appellee.

DAVIS, J.—The constitutionality of the clause in the statute authorizing the recovery of a reasonable attorney's fee in actions to foreclose assessment liens for street improvements was settled adversely to appellant in *Dowell* v. *Talbot Paving Co.*, 138 Ind. 675.

In this case a contract was entered into between the city of Kokomo and appellee for the improvement of a certain street in accordance with the provisions of an ordinance. The work was completed by him "in part according to the contract," and an estimate was properly made on the work. The improvement was not entirely made in accordance with the provisions of the ordinance, for the reason that after the contract was entered into, another railroad company with the consent of the city constructed a switch in and along one side of the street, thereby rendering it impossible for appellee to complete that part of the work. It clearly appears that the construction of said side track made it impossible to complete the improvement of the street in literal compliance with the provisions of the ordinance without removing the side track. The provision in the statute that the contractor may recover when "the work has been done in whole or in part according to the contract," seems to be applicable in this case. Section 4298, R. S. 1894.

We see no reason, under the circumstances, why the city had not the right and the power to waive a strict compliance with the ordinance. Elliott Roads and Streets, 409.

Moreover, the work as done by appellee was in due

and regular manner accepted by the city as completed.

Furthermore, the court reduced the assessment against appellant in the amount required to complete the work, had it been possible to do so, and rendered judgment for the residue.

We fail to find any reversible error in the record.

Judgment affirmed.

Filed October 8, 1895.