[No. 2988.  Decided December 6, 1898.]

JAMES P. DE MATTOS, *Respondent,* v. R. C. JORDAN *et al., Appellants.*

20 315
Case 2
32 214

BUILDING CONTRACT—CERTIFICATE OF ARCHITECT—LIABILITY OF SURE-
TIES ON BOND—ESTOPPEL.

Under a clause in a building contract, providing that the expenses incurred by the owner for furnishing materials and finishing the work abandoned by the contractor should be audited and certified by the architect, the sureties on the build-

ing bond cannot be rendered liable for such expenditures unless the architect's certificate is made in writing.

Where such certificate is obtained several years after the completion of the work, and subsequent to the commencement of an action against the sureties, it comes too late, as it should have been obtained in the first place, as a basis for the claim against the sureties.

The fact that sureties on a building contractor's bond had denied liability upon the bond would not estop them from alleging the owner's failure to furnish the architect's certificate of expenditures, where the building had been completed by the owner after abandonment by the contractor.

Appeal from Superior Court, Whatcom County.—Hon. Jesse P. Houser, Judge. Reversed.

*Dorr & Hadley,* and *Black & Leaming,* for appellants.
*S. M. Bruce,* and *Kerr & McCord,* for respondent.

The opinion of the court was delivered by

Scott, C. J.—For a former opinion in this cause, see 15 Wash. 378 (48 Pac. 402), where it was reversed and remanded for a new trial. In so doing, the court said:

" In view of the fact that a new trial must be awarded, we deem it proper to observe that appellant can, under the terms of the contract, only recover such of the expenses incurred by him for furnishing materials or finishing the work as shall have been audited and certified by the architect. No estimates of the architect were required after the contractor abandoned his contract, but it was explicitly agreed that the expenses incurred by the owner for materials and labor should be audited and certified by the architect and that his certificate should be conclusive upon the parties. The purpose of this provision was to protect the sureties against excessive and unjust charges for work and material, and it was agreed that the certificate of the architect should be conclusive as to the amount of expenses incurred by the owner. It is evident that in no event can appellant recover more than the amount of damage he has sustained by reason of the default of the contractor."

The defendants have again appealed from the judgment obtained against them upon the last trial. A number of questions have been urged as error, but, as one of them disposes of the case, that one only will be considered. The controversy arises upon the clause contained in the contract providing that the expenses incurred by the owner for furnishing materials and finishing the work should be audited and certified by the architect. No written certificate was obtained from the architect prior to the commencement of the action, and respondent contends that none was required, but that an oral approval was sufficient, and that it was proved that the architect did examine the claims and orally approve them. But it seems to us that the contract fairly contemplated that the certificate should be in writing. The sureties should not have been put to the trouble of attending from time to time when the architect examined these claims, in order to know what was done, but had a right to have them certified in writing. It does not appear that they did attend, or had any notice. The ordinary meaning of such a clause is that the approval shall be evidenced by a writing, and this is the customary method of certifying. We are of the opinion that the proof was insufficient.

It is next contended by the respondent that the certificates could be furnished at any time; and several years after the completion of the work, and after the action was commenced, a written certificate was obtained, but this came too late, for it was necessary to obtain it in the first instance, under the contract, as a basis for the claim against the sureties.

It is also contended by the respondent that the sureties are estopped from alleging a non-compliance by the plaintiff with the contract in this particular, because they had previously denied any liability on the bond; but we fail to see how this matter should estop them from resist-

ing payment on the ground stated. The question with reference to the certificate was raised at various stages during the progress of the case, and we are of the opinion that the court erred in ruling against the defendants thereon.

Reversed and remanded, with instructions to dismiss.

ANDERS, GORDON and DUNBAR, JJ., concur.