# Richmond.

BELMONT IRON WORKS v. HOTEL CORPORATION OF NORFOLK.

March 11, 1909.

Absent, Keith, P.

1. BUILDING CONTRACTS—*Damages for Breach—Architect's Certificate—Condition Precedent—Cross Bill.*—Where a contract for building materials requires the certification by the architects of the refusal, neglect or failure of the contractor to furnish materials, and that any damage resulting from such default shall be audited and certified by the architects, whose certificate shall be conclusive upon the parties, there can be no recovery of such damages unless such certificate is produced, or good reason is shown why it is not. Obtaining the certificate is a condition precedent to the institution or maintenance of legal proceedings to recover damages for the breach of the contract. The same rule applies to the assertion of such a claim by a cross-bill filed in a suit to enforce a mechanics' lien for materials furnished.

Appeal from a decree of the Court of Law and Chancery of the city of Norfolk. Decree for defendant. Complainant appeals.

*Reversed.*

The opinion states the case.

*Riddleberger & Roper,* for the appellant.

*Thos. H. Willcox,* for the appellee.

WHITTLE, J., delivered the opinion of the court.

The essential allegations of the appellant's bill are that on June 2, 1905, it entered into a written contract with the appellee whereby, as a general contractor, it agreed to supply the structural steel to be used by the Hotel Corporation in the erection of a hotel building on its lot in the city of Norfolk; that the appellee is indebted to the appellant in the sum of $3,415.38, with interest from December 15, 1905, for the last installment of steel furnished under the agreement, for which sum it has perfected a mechanic's lien under the statute upon the property of the defendant, which it prays may be enforced.

By answer and cross-bill the defendant admits the contract, but denies that the plaintiff has complied with its terms. On the contrary, the defendant avers that the plaintiff failed to deliver the materials at the dates specified in the contract, in consequence of which the completion of the building was delayed for the period of eighty days; that such delay occasioned a loss to the defendant of $4,004, which amount it asserts by way of setoff against the plaintiff's demand.

From a decree allowing the setoff to the extent of $3,002.68, this appeal was granted.

The form of contract employed by the parties is the standard contract in common use with building contractors and supply men, and has repeatedly been interpreted by the courts. Without concerning ourselves about the minor questions raised in the case, we shall, therefore, consider the rights of the parties under Article V. of the contract, which covers the point at issue and reads as follows:

"Should the contractors at any time refuse or neglect to supply a sufficiency of properly skilled workmen, or of the materials of the proper quality, or fail in any respect to prosecute the work with promptness and diligence, or fail in the performance of any of the agreements herein contained, such re-

fusal, neglect, or failure being certified by the architects, the owners shall be at liberty, after six (6) days' written notice to the contractors, to provide any such labor or materials, and to deduct the cost thereof from any money then due or thereafter to become due to the contractors under this contract; and if the architects shall certify that such refusal, neglect or failure is sufficient ground for such action, the owners shall also be at liberty to terminate the employment of the contractors for the said work, and to enter upon the premises and take possession, for the purpose of completing the work included under this contract, of all materials, tools and appliances thereon, and to employ any other person or persons to finish the work, and to provide the materials therefor; and, in case of such discontinuance of the employment of the contractors, they shall not be entitled to receive any further payment under this contract until the said work shall be wholly finished, at which time, if the unpaid balance of the amount to be paid under this contract shall exceed the expense incurred by the owners in finishing the work, such excess shall be paid by the owners to the contractors; but if such expense shall exceed such unpaid balance, the contractors shall pay the difference to the owners. The expense incurred by the owners, as herein provided, either for furnishing materials or for finishing the work, and any damage incurred through such default, shall be audited and certified by the architects, whose certificate thereof shall be conclusive upon the parties."

The stipulation in the foregoing article, requiring certification by the architects of the refusal, neglect or failure of the contractor to furnish materials; and providing that any damage resulting from such default shall be audited and certified by the architects, whose certificate thereof shall be conclusive upon the parties, constitutes a condition precedent to the institution and maintenance of legal proceedings to recover damages for the alleged breach of contract set out in the cross-bill. Such has

been the uniform construction placed by the courts upon building contracts for work done and materials furnished, embodying the identical language of Article V.

Thus, in *International Cement Co.* v. *Beifeld,* 173 Ill. 179, 50 N. E. 716, the court held, that "where a building contract provides that upon a certificate by the architect of the contractor's default the other party may complete the contract, and that the expenses thus incurred shall be audited and certified by the architect, whose certificate shall be conclusive, a claim by the other party for completing the contract cannot be allowed   *   *   *   without the production of the architect's certificate."

So also, in *American Bonding & Trust Co.* v. *Gibson County* (C. C. A.), 127 Fed. 671, the circuit court of appeals for the sixth circuit held, that "under the contract, the county had a right to insist on a certificate from the architects before paying the contractors for the work done."

In *Scott* v. *Texas Construction Co.* (Court of Civil Appeals of Texas), 55 S. W. 37, it was held, that "where a contract under which damages were claimed provided that no damages should be awarded unless certified by the superintending architect, damages cannot be awarded unless such certificate be produced, or good reason shown why it could not be had."

In *O'Keefe* v. *Corporation of St. Francis Church,* 59 Conn. 551, 22 Atl. 325, the Supreme Court of Errors of Connecticut held that "the owner could not charge the contractor with the cost of completing the work, since the provision of the contract requiring the architect to certify the contractor's failure was not complied with."

To the same effect is the case of *De Mattos* v. *Jordan,* 20 Wash. 315, 55 Pac. 118.

These authorities are in entire harmony with analogous decisions of this court, upholding and giving full effect to stipulations in contracts for the construction of railroads, which pro-

vide that the estimates and certificates of the company's engineer as to the work done and amount due shall be conclusive upon the parties in the absence of fraud.   *Condon* v. *Southside R. R. Co.,* 14 Gratt. 302; *B. & O. R. Co.* v. *Polly, Woods & Co.,* 14 Gratt. 447; *James River & Kanawha Co.* v. *Adams,* 17 Gratt. 427, 441; *Mills & Fairfax* v. *N. & W. Ry. Co.,* 90 Va. 523, 19 S. E. 171; *Norfolk & W. R. Co.* v. *Mills,* 91 Va. 613, 22 S. E. 556.

It is not pretended that the conditions contained in Article V. have been complied with in this instance, nor is any excuse offered for the omission to do so.   True, the contention is made that the cross-bill is not a suit on the contract, but a suit outside of the contract to recover damages for delay in the delivery of materials.   A similar contention was made in several of the cases cited without avail, and the most casual inspection of the cross-bill will show that the pretension is wholly groundless.

Without pursuing the discussion of the principal proposition further, we are of opinion that the trial court erred in not holding that obtaining the certificate of the architects, as required by Article V. of the contract, was a condition precedent to the right of the defendant to have allowed the damages asserted in its cross-bill.

For that error, the decree must be reversed, and this court will proceed to enter such decree as the Court of Law and Chancery ought to have entered, disallowing the setoff, and dismissing the cross-bill with costs.

*Reversed.*