[No. 10500.  *En Banc.*  November 9, 1912.] ·

THE STATE OF WASHINGTON, *on the Relation of W. J. Murphy, Respondent,* v. T. J. COLEMAN *et al., Commission of the City of Chehalis, Appellants.*[1]

MUNICIPAL CORPORATIONS—IMPROVEMENTS—SPECIAL ASSESSMENTS —RIGHT TO COMPEL LEVY. A contractor on public work may maintain an action in mandamus to compel the city authorities to levy a special assessment to pay for the work, and is not compelled to resort to an action for damages for breach of the city's contract.

PLEADING—AMENDMENT—DISCRETION. Refusing permission to amend an answer upon sustaining a demurrer thereto, is within the discretion of the trial court, which will not be disturbed except for abuse; and no abuse appears, where the proposed amended answer states no additional facts or defenses material to the action not already pleaded in the original answer (CHADWICK and FULLERTON, JJ., dissenting).

MUNICIPAL CORPORATIONS — IMPROVEMENTS—CONTRACTS—CERTIFICATE BY ENGINEER—EFFECT—FRAUD. Where a contract for public work placed the same under the complete charge of the city engineer, making him an arbitrator between the contractor and the city, and required him to supervise the work as it progressed, and on the completion of the work, to make final estimates and give a written certificate of the amount due, and that, upon the filing of such certificate, the city council should proceed to levy assessments therefor, the city is bound by the engineer's final certificate, even though it be fraudulently given, where the contractor did not participate in the fraud and was guilty of no collusion, and no complaint was made during the progress of the work.

Appeal from a judgment of the superior court for Lewis county, Sol Smith, J., entered February 13, 1912, in favor of the plaintiff, upon sustaining a demurrer to the answer, in an action for a writ of mandamus. Affirmed.

*C. A. Studebaker* and *Preston & Thorgrimson,* for appellants, to the point that it was an abuse of discretion to refuse leave to amend the answer, cited: 31 Cyc. 352; *Stringer v. Davis,* 30 Cal. 318; *State ex rel. Van Houten v. Jones,* 10

[1]Reported in 127 Pac. 568.

Iowa 65; *Gage v. West*, 62 Neb. 612, 87 N. W. 344; *Rose v. Doe*, 4 Cal. App. 680, 89 Pac. 135; *Cornett v. Smith*, 15 Colo. App. 53, 60 Pac. 953; *Newburg v. Farmer*, 1 Wash. Ter. 182; *Cartwright v. Ruffin*, 43 Colo. 377, 96 Pac. 261; *Northwestern Mut. Life Ins. Co. v. Richardson*, 130 Ill. App. 205; *Buchan v. Williamson*, 131 Ga. 501, 62 S. E. 815; *Goff v. Lowe*, 25 Ky. Law 2176, 80 S. W. 219.

*Boyle, Warburton & Brockway* and *Forney & Ponder*, for respondent.

CROW, J.—Application for a writ of mandamus, brought by W. J. Murphy, relator, against the mayor and commissioners of the city of Chehalis, to compel the levy of a special assessment upon property in a sewer district, sufficient to pay relator $53,026.81, claimed to be due him for the construction of a sewer system. A demurrer to the answer was sustained, and judgment was entered awarding the writ. At the hearing and argument on the demurrer, defendants asked permission to amend their answer. Relator objected to any amendment, but the trial judge indicated that he would pass upon the application when he ruled upon the demurrer. The demurrer was then taken under advisement, with permission to the parties to present additional authorities. On February 10, 1912, the trial judge signed a judgment awarding the writ, without passing upon the application to amend. This judgment was entered on February 13, 1912. On February 19, 1912, the defendants moved the court to vacate the judgment and permit the filing of their proposed amended answer. This motion, to support which affidavits were filed by defendants' counsel, was denied. The defendants have appealed from the final judgment, and also from the subsequent order refusing to vacate the same, or to permit the filing of the amended answer.

The cause was decided upon the pleadings, which are too voluminous to be stated in an opinion of reasonable length. The relator's affidavit making application for the writ, in

substance shows that, on January 11, 1911, he entered into a written contract with the city of Chehalis for the construction of the sewer; that a local improvement sewer district had theretofore been created by ordinance; that the cost of the sewer was to be paid from the proceeds of a special assessment to be levied on benefited property within the district; that, at the time the contract was entered into, Chehalis was a city of the third class, governed by a mayor and common council; that the contract provided that the sewer was to be constructed according to plans and specifications theretofore prepared and adopted; that the work was to be done to the satisfaction of Walter H. Allen, an engineer employed by the city; that the relator, under the supervision of the engineer, constructed and completed the sewer system in full compliance with the plans and specifications and the terms of his contract; that the city council named two of its members as a sewer committee; that the sewer was constructed under the immediate supervision of the engineer, his assistants, and the sewer committee; that, when the engineer and the sewer committee measured the work and made final inspection, they found the work was completed in accordance with the terms of the contract, plans, and specifications, with certain slight exceptions, which they notified the relator to complete and correct; that relator fully complied with these demands; that the engineer thereupon made, certified in writing, and filed with the city council, his final certificate in words and figures as follows:

Chehalis, Wash., Oct. 30, 1911.

To the City Council,
    Chehalis, Wash.
Sirs:
    W. J. Murphy, contractor for the construction of the sanitary sewers in Local Improvement Sewer District number one, has completed the work according to plans and specifications, and I have accepted the same.

Assessment roll attached hereto.
Respectfully,

W. H. Allen,
City Engineer;

that, at the same time, the engineer made and certified an allowance to relator for extra work, amounting to $1,975.65, and certified to the city council that the total amount due the relator was $53,026.81; that the engineer also prepared and presented to the city council a proposed assessment roll, showing the proper amount to be levied against each piece of property within the assessment district; that the city council took no further action; that shortly thereafter the commission form of government was adopted by the city and that the appellants qualified as mayor and commissioners; that relator demanded that they levy the special assessment, and that they have refused to do so.

The appellants by answer admitted the passage of the ordinance, the execution of the contract and the adoption of the plans and specifications, and denied other allegations of the affidavit. For affirmative defense, they, in substance, alleged, that relator had neither constructed nor completed the sewer in accordance with the terms of the contract; that the engineer had no authority to give the certificate approving the work, and stating the amount due relator; that the engineer's action in so doing was a legal fraud on the city and the property owners within the district; that it would require a vast amount of work and the expenditure of $30,000 to complete the sewer in accordance with the terms of the contract; that in its present condition the sewer is useless; that it will be of no benefit to the property owners within the district, and that no assessment based upon benefits can be made. The answer with much detail sets forth particular instances in which appellants contended the relator has failed to complete the contract. It in effect admits that the work was done under the superintendence of the engineer, who is shown to have been employed by the city. While the answer alleges that the action of the engineer, when he gave the final certificate, was a legal fraud upon the city, it utterly fails to allege that relator was a party to any fraud, that he was guilty of any collusion with the engineer, or that he did not

perform the work, as it was performed, under the immediate supervision and control of the engineer; nor does it allege any fact showing, or tending to show, the participation of relator in any fraudulent acts.

Appellants' first contention is that the relator cannot maintain this action in which he demands a writ of mandamus, but that his cause of action, if any, is one for damages arising from a breach of contract. We find no merit in this contention. We have repeatedly held that a proceeding of this character is a civil action, in which the relator as plaintiff can be afforded the relief to which he may be entitled. *State ex rel. Brown v. McQuade,* 36 Wash. 579, 79 Pac. 207; *State ex rel. Barber Asphalt Pav. Co. v. Seattle,* 42 Wash. 370, 85 Pac. 11; *State ex rel. Gillette v. Clausen,* 44 Wash. 437, 87 Pac. 498; *State ex rel. Howe v. Kendall,* 44 Wash. 542, 87 Pac. 821; *State ex rel. Barto v. Board of Drainage Commissioners,* 46 Wash. 474, 90 Pac. 660.

Appellants next contend that the trial court erred in refusing to vacate the judgment and grant them permission to file their proposed amended answer. The granting or refusal of an application to amend is within the sound discretion of the trial judge, and ordinarily his action will not be disturbed unless an abuse of discretion be shown. In this case we are satisfied from the record before us that the trial judge intended to refuse leave to amend the answer at the time he passed upon appellants' demurrer and entered the final judgment, but that by inadvertence he neglected to do so, or to enter any order to that effect. In any event, the final judgment, if correct, will not be vacated for the purpose of granting leave to amend, unless the proposed amended answer discloses additional facts or defenses material to the action, not already pleaded in the original answer. We have examined the proposed amended answer, a copy of which is in the record, and conclude that, while it does to some extent elaborate the original answer, it in reality states no additional defenses, nor does it add to the sufficiency of any de-

fenses theretofore sought to be pleaded. The trial judge doubtless reached this conclusion when he denied appellants' motion to vacate the judgment and for leave to amend. In their briefs, appellants do not direct our attention to any defense tendered by the amended answer which was not included in the original answer, and we are of the opinion that the controlling issues of this case were as effectually presented by the original answer as they would be by the proposed amended answer. This being true, we are unable to find that the trial judge abused his discretion.

The vital and controlling question before us is whether the answer stated a defense to relator's affidavit. The relator contends it does not, as it in effect concedes the fact to be that the contract as performed was performed under the immediate supervision and direction of the engineer employed by the city, that the engineer has approved the work, and that he gave his certificate of approval and of the amount due. Relator therefore insists that appellants are now bound by the engineer's certificate and action, and are estopped from denying the completion of the sewer in accordance with the terms of the contract, without pleading fraud or collusion on relator's part, which they have failed to plead. On the other hand, appellants contend, that the engineer had no authority to make any certificate which would bind the city; that even though such authority be conceded, yet his acceptance of the work under the facts pleaded will not preclude the city from claiming the work was not done conformably to the contract. To sustain these several positions, relator and appellants cite numerous cases from other courts which we do not find it necessary to review. The facts in the cases cited were largely controlling in reaching the final judgments which were entered. We think the law as heretofore announced by this court sustains relator's position, and compels us to affirm the judgment.

The affidavit and answer are copious and of unusual length. It clearly appears from them both, that Allen was employed

as engineer and representative of the city; that he was in charge of the work during its progress and until its alleged completion; that he had the right to require the contractor to discharge any employee engaged upon the work who in his opinion was incompetent, unfaithful, or disorderly; that he had the right to issue a certificate if in his judgment the contractor at any time failed to prosecute the work with diligence, and that upon such certificate being issued the city, after three days' notice to the contractor, would be entitled to provide material and labor and complete the contract; that the contract provided that:

"Whenever in the opinion of the engineer, the contract is fully performed on the part of the contractor, the engineer will proceed with all due diligence to measure up the work and will make out the final estimates and certify them to the city council and to the contractor. . . . .

"Upon receipt of the engineer's estimate and report and a sworn statement from the contractor to the effect that all bills for labor and material against the improvement have been paid, the city council will proceed with the acceptance of and payment for the work as provided by the ordinance and contract under which this work is to be done."

These and many other conditions incorporated in the contract, the execution of which is admitted, establish the fact that the engineer, as the authorized representative of the city, was with its approval in full and complete charge and control of the work during the entire period of construction. It is apparent from the terms of the admitted contract that he not only had authority to require the contractor to remove and reconstruct imperfect work, but that he also stood in the position of an arbitrator between the contractor and the city, with power at all times to determine whether the work was progressing satisfactorily and being properly done. This being true, it would be an injustice to require the contractor to now remove and renew the work, unless it be first shown that he had been guilty of some collusion or fraud. There is no contention that the city, at any time prior to the al-

leged final completion, interfered with, or made any complaint of, the engineer or the contractor. No complaint to the relator appears to have been made at any time prior to the alleged completion of the work. It was the duty of the engineer, as the representative of the city, to see that the work was properly done as it progressed. If he did not do so and made no complaints to the contractor, or demands upon him for changes, he failed to perform his duty as the authorized representative of the city; and in the absence of any showing of fraud, collusion, or intentional wrongdoing upon the part of the contractor, the city should be bound by his acts. In the recent case of *Morehouse v. Clerk of Edmonds*, 70 Wash. 152, 126 Pac. 419, this court, citing numerous authorities, said:

"It is well settled that, in the absence of fraud, an acceptance of a public improvement by the governing body or by the party authorized by the charter, ordinance *or contract* to accept it, is conclusive upon both parties. 1 Abbott, Municipal Corporations, § 288; *Lake Erie & W. R. Co. v. Walters*, 13 Ind. App. 275, 41 N. E. 465; *Whitefield v. Hipple*, 11 Ky. Law 386, 12 S. W. 150; *Atkinson v. Davenport*, 117 Iowa 687, 84 N. W. 689; *Central Bitulithic Paving Co. v. Mt. Clemens*, 143 Mich. 259, 106 N. W. 888; *City Street Imp. Co. v. Marysville*, 155 Cal. 419, 101 Pac. 308, 23 L. R. A. (N. S.) 317. The respondent had the right and power to waive a strict compliance with the terms of the contract. *Lake Erie & W. R. Co. v. Walters, supra; Weston v. Syracuse*, 158 N. Y. 274, 53 N. E. 12, 70 Am. St. 472, 43 L. R. A. 678; 28 Cyc. 1054k.

"The respondent has cited *De Mattos v. Jordan*, 20 Wash. 315, 55 Pac. 118, and *Atwood v. Smith*, 64 Wash. 470, 117 Pac. 393. In the *De Mattos* case the single question involved was whether an oral approval of the work by the architect was sufficient. It was held that the contract contemplated that his written certificate should be obtained prior to the commencement of the action. In the *Atwood* case it was held that the change made in the work by the engineer was so radical that it was in excess of his powers . . .

"We have uniformly held that it is the duty of an architect or an engineer who has been selected by the parties to

a contract to determine when the contract has been completed, to exercise his honest judgment on the matters submitted to him.  He cannot arbitrarily, or capriciously, or in bad faith, refuse to certify to the truth, and thus prevent a party from having the compensation which he has earned. *Craig v. Geddis,* 4 Wash. 390, 30 Pac. 396; *Schmidt v. North Yakima,* 12 Wash. 121, 40 Pac. 790; *School District No. 5 v. Sage,* 13 Wash. 352, 43 Pac. 341; *McKivor v. Savage,* 60 Wash. 135, 110 Pac. 811; *Skagit County v. Trowbridge,* 25 Wash. 140, 64 Pac. 901."

Here the engineer did not refuse the certificate, but gave it as he was authorized to do.  If there were any errors or wrongs committed in the performance of the contract, as appellants now allege, they were committed by the engineer, or at least with his consent.  He was the authorized representative of the city and was permitted to remain in control until the alleged completion of the contract.  In the absence of any allegation of fraud or collusion upon relator's part, we hold the city is bound by his acts.  We might further suggest that, upon the proposed amended answer, we would reach the same conclusion.

The judgment is affirmed.

MOUNT, C. J., MORRIS, ELLIS, PARKER, and GOSE, JJ., concur.

CHADWICK, J. (dissenting)—I think the refusal to grant an amendment was an abuse of discretion, this being a case of public interest.  I therefore dissent.

FULLERTON, J., concurs with CHADWICK, J.