[No. 11383.   Department Two.   November 15, 1913.]

THE STATE OF WASHINGTON, *on the Relation of W. J. Murphy*, Plaintiff, v. EDWARD H. WRIGHT, *Judge etc.*, Respondent.[1]

JUDGMENT—RES JUDICATA—MATTERS CONCLUDED.   A judgment requiring a city to proceed to levy an assessment to pay for a local improvement, merely determines the liability of property owners to pay the cost of the improvement to the extent of benefits, and does not preclude them from contesting the amount of the assessment levied pursuant to the judgment.

PROHIBITION—ADEQUACY OF REMEDY BY APPEAL—MUNICIPAL CORPORATIONS—IMPROVEMENTS—INTEREST.   Since the contractor's interest on the price of a local improvement runs from the date of the approval of the assessment roll, the contractor's remedy by appeal therefrom is not inadequate because of any loss of interest that may thereafter accrue, and prohibition does not lie.

PROHIBITION—GROUNDS.   Prohibition does not lie to prevent proceedings in a pending injunction case on the ground that a former judgment is *res judicata* of the questions presented; since the plea of *res judicata* must be pleaded and determined in the injunction case.

Application filed in the supreme court July 22, 1913, for a writ of prohibition to the superior court for Lewis county, Wright, J., to prohibit proceedings in pending actions. Denied.

*Boyle, Brockway & Boyle* and *Forney & Ponder*, for relator.

*C. A. Studebaker* and *Preston & Thorgrimson*, for respondent.

MOUNT, J.—This is an application for a writ prohibiting the respondent from proceeding with the hearing or making any order in two certain causes, now pending in the superior court of Lewis county; one, an injunction suit brought by C. L. Brown and wife against the city of Chehalis to enjoin

[1]Reported in 136 Pac. 482.

the city from proceeding to collect assessments levied by the city upon property in a sewer improvement district; the other, an appeal by certain property owners from an order of the city commissioners levying such assessments.

It appears from the record before us that heretofore the city of Chehalis created an improvement district for the purpose of constructing a sewer, to be paid for by the property benefited. A contract was let to one W. J. Murphy to construct the sewer. The sewer was subsequently constructed. Afterwards a contention arose between the city and the contractor as to whether the sewer was constructed in substantial conformance with the contract. The contractor thereupon brought an action in mandamus to compel the city to levy a special assessment upon the property in the district sufficient to pay the contract price. That action was defended by the city and resulted in a judgment requiring the mayor and commissioners of the city to levy an assessment upon the property benefited. *State ex rel. Murphy v. Coleman*, 71 Wash. 15, 127 Pac. 568. In that case we sustained the action and affirmed the judgment of the lower court.

Thereafter, the city gave notice of its intention to levy the assessment, and a roll was prepared, to which objections were filed by numerous property owners. The matter was heard by the commission, which made certain findings or statements, and concluded by passing an ordinance confirming the assessment roll. Thereafter certain of the property owners appealed to the superior court from this confirmation; and Brown and wife brought an action to enjoin the city from proceeding to collect the assessment, alleging that the property had not been benefited, that the sewer was not constructed in substantial performance of the contract, and alleging fraud and collusion between the engineer, employed by the city to supervise the work of the contractor, and the contractor. The contractor, W. J. Murphy, was notified of these actions and was, by the city, required to appear and

defend them. Thereupon the relator, being the original con-
tractor, applied to this court for a writ of prohibition.

It is argued by the relator that the trial court has no
jurisdiction; that the issues in the case of *State ex rel. Mur-
phy v. Coleman, supra,* were finally determined in that action;
that the issues there made and litigated are the same as the
ones that the property owners are now endeavoring to re-
litigate; that the judgment in that case is *res judicata* of the
issues there made, or which could or should have been made,
and that the judgment therein is final; that all questions
which can be raised upon the appeal from the ordinance
passed by the city commission confirming the assessment roll
levying an assessment upon the property, and in the action
for an injunction, were all decided in the case of *State ex
rel. Murphy v. Coleman, supra,* and are final and binding
upon the property owners.

It is conceded by the relator that the rule in *State ex rel.
Miller v. Superior Court,* 40 Wash. 555, 82 Pac. 875, 111
Am. St. 925, 2 L. R. A. (N. S.) 395, to the effect that the
adequacy of the remedy by appeal in the ordinary course of
law is the test to be applied by this court in all applications
for extraordinary writs, and not the mere question of juris-
diction or lack of jurisdiction. But it is contended that the
remedy by appeal in the cases pending before the superior
court of Lewis county, namely, Brown and wife v. City of
Chehalis, and the appeals from the ordinance passed by the
city commission to the superior court, is not an adequate
remedy, by reason of the fact that no provision is made for
interest which may accrue upon the contract price for the
construction of the sewer; that this interest amounts to about
$4,000 per year, and will be lost to the relator by lapse of
time in case he is required to appeal those cases.

We think there can be no doubt that, if the issues adjudi-
cated in *State ex rel. Murphy v. Coleman, supra,* were finally
decided and are binding upon the property owners, still the
property owners have the right to contest before the commis-

13—76 WASH.

sioners the amount of the assessment levied against their lots. The statute gives them this right. Rem. & Bal. Code, § 7961; Laws 1911, p. 452, § 21 (3 Rem. & Bal. Code, § 7892-21). The adjudication in the case above mentioned did not and could not go further than to determine the liability of the property owners to pay the cost of the improvement to the extent of the benefits received by their property; and they clearly have the right under the statute to have that question determined in the proper forum. At the hearing upon this application, counsel for the respondent did not dispute that interest might be collected from the date of the approval of the assessment roll. And we are of the opinion that interest begins to run from that date (*Johnson v. Seattle*, 53 Wash. 564, 102 Pac. 448); and that, if the relator shall finally be successful, and the property is found to be benefited in the amount of the assessment, he will be entitled to recover his contract price, together with interest from that time. This being true, interest is now running, and his remedy by appeal in those cases, if they shall be wrongfully determined, will be adequate.

Whether the issues in *State ex rel. Murphy v. Coleman*, *supra*, are *res judicata* of the questions set up in the injunction case, must be pleaded and determined in that case. We are of the opinion therefore, that the relator has an adequate remedy by appeal.

The writ is therefore denied.

CROW, C. J., FULLERTON, MORRIS, and PARKER, JJ., concur.