R. F. BRADFORD *et al.*

*v.*

THE CITY OF PONTIAC.

*Filed at Ottawa November 9, 1896—Rehearing denied March 19, 1897.*

1. APPEALS AND ERRORS—*objections to sufficiency of special taxation notice is waived by general appearance.* Objections to the sufficiency of a special taxation notice cannot be sustained on appeal, where, without limiting their appearance, the parties appeared in the county court and filed objections to the confirmation.

2. SAME—*objections not made below are deemed waived on appeal.* An objection that the city council, in dividing a special tax into installments, failed to include all fractional amounts in the first installment, so as to leave the others in multiples of $100, cannot be sustained when first raised on appeal.

3. SPECIAL TAXATION—*city council may divide improvement into sections.* Where an improvement to be paid for by special taxation will benefit contiguous property in unequal proportions, the city council may divide the improvement into sections to secure practical uniformity in distributing the tax, and the Supreme Court will not assume that the division was made for an improper purpose.

4. SAME—*what is not a delegation of council's power to engineer.* A special taxation ordinance is not made invalid by a provision which confers on the city engineer a supervisory power over the improvement, to see that the work is done and the materials are furnished in conformity to the ordinance.

5. SAME—*when power conferred on engineer renders ordinance invalid.* A paving ordinance is invalid where the specifications, made a part thereof by reference, provide that inlets and catch-basin covers be placed at street corners where directed by the engineer, and that cross-walks be built in such form as directed by him at street intersections and other points, according to his grades and plans.

6. SAME—*provision that engineer may make alterations changing cost of improvement is fatal.* Specifications made a part of a paving ordinance by reference render it invalid, where they empower the engineer, in his discretion, to make alterations which increase or diminish the expense of the improvement, to determine the value of such alterations, and to add the same to or deduct it from the contract price.

7. SAME—*mere irregularities which work no injury are not available as objections.* That a special taxation ordinance provides that the tax installments shall not begin to draw interest until a later day than that allowed by statute is not available as an objection to the confirmation of the assessment roll.

8. SAME—*property owner entitled to jury trial on question of benefits.*
Under the statute (Laws of 1895, p. 100,) the owner of property
specially taxed for a local improvement is entitled to a hearing by
a jury upon the question whether the amount taxed against his
property exceeds the benefits.

APPEAL from the County Court of Livingston county;
the Hon. C. M. BARICKMAN, Judge, presiding.

R. R. WALLACE, R. S. MCILLDUFF, and G. W. PATTON,
for appellants.

Z. F. YOST, and GEORGE TORRANCE, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the
court:

This is an appeal from a judgment of the county court
of Livingston county confirming the assessment roll of
commissioners appointed on the petition of the city of
Pontiac to assess special taxes against abutting prop-
erty for the grading, paving and guttering certain parts
of four streets of the city. On the 27th of June, 1895, an
ordinance was passed providing for the improvement,
and the commissioners appointed to make an estimate
of the cost made their report on the 28th of June, which
was approved by the city council, and on the 29th of June
the petition for confirmation was filed in the county court
of Livingston county, and on the same day that court
appointed commissioners to make an assessment roll for
such special tax. Certain lot owners appeared and filed
twenty-six objections, and the county of Livingston ap-
peared and filed twenty-one objections. These objections
were filed in August, 1895.

It is objected that the city council arbitrarily divided
the proposed improvement into eight sections, for the
purpose of imposing more than half the cost of the im-
provement upon the county, it being claimed there could
be in this case no difference in benefits. In the absence
of what would appear to be a fraudulent division, we

hold the legislative discretion vested in the city council was properly exercised. Where the improvement of an entire district benefits contiguous property in unequal proportions, the city council may divide the improvement into different sections or districts, so as to secure practical uniformity in the distribution of the tax, and to that end, by the division into sections where a difference exists in the nature, extent and cost of an improvement and in the benefits accruing therefrom, a question for the exercise of a discretion on the part of the city council exists. (*Lightner* v. *City of Peoria*, 150 Ill. 80.) We cannot assume a division into districts was made with an improper purpose, and cannot interfere with the exercise of a discretion vested in the city council.

Appellants claim the notice by mail required by section 141, article 9, chapter 24, was not given; that that given was wholly insufficient to give jurisdiction of the parties to the court, as it appears by the affidavit of the commissioners that it was addressed to the owner or his agent and deposited in the mail, etc. It appears that appellants, except the county of Livingston, on the 8th day of August, 1895, entered their special appearance and moved to quash the affidavit and report of commissioners filing the assessment roll, which motion was overruled and an order entered requiring all persons desiring to file objections to do so by August 12, 1895. Subsequently, appellants appeared and filed objections to the confirmation of the assessment roll, which were overruled. The appearance when these objections were filed was not limited, and by this action of appellants their appearance was entered, and their objection to the sufficiency of the notice cannot be sustained.

It is objected the ordinance is defective in that it did not give the necessary data on which bids could be made. The ordinance is unusually explicit. It names the streets to be paved, the starting point and distance along the street by feet, the width of the pavement, the depth of

the road-bed, the foundation and manner in which the work is to be done, the material to be used, the height, width and length of curbing, and is sufficiently explicit.

It is further objected that by the terms of the ordinance a power vested in the city council is delegated by it to the engineer, and that this renders the ordinance void. By the ordinance the engineer is given a supervisory power over the improvement, to see that the manner in which the work is done is in conformity to the ordinance, and that the materials used, etc., are as required by the ordinance. This is not in this respect the delegation of a power to change the ordinance in any respect, but to see that it is complied with. It was clearly proper to provide such supervision. (*Jacksonville Railway Co.* v. *City of Jacksonville,* 114 Ill. 562.) To this extent the ordinance is not invalid, but other provisions to be hereafter discussed do render it invalid.

It is objected that reference is made in the ordinance to plans and specifications on file in the engineer's office which render the ordinance invalid. By the first section of the ordinance it is provided the improvement shall be "as shown by plat or map now on file in the office of the city clerk of said city, which said map or plat is hereby referred to and made a part of this ordinance and in the manner following, that is to say, by excavating, grading, curbing and paving with brick, in accordance with the specifications hereto attached and made part of this ordinance." It is true, under the head of "Inlet and catch-basins," it is stated: "Inlet and catch-basin covers to be furnished and placed in position by the contractor, in accordance with the plans and specifications on file in the engineer's office, at all street corners where he shall be directed to do so by the engineer." But the fact that this section of the specifications refers to the plans and specifications on file in the office of the city engineer does not invalidate the provisions of section 1 which refer to plans and specifications on file in the city clerk's office.

The more serious objection to this latter section is, that it provides that inlet and catch-basin covers shall be placed at all street corners where directed by the engineer. This direction is not aided by the estimate of the committee as to the cost of each, and in this respect the case is unlike *City of Springfield* v. *Mathus*, 124 Ill. 88, and *Barber* v. *City of Chicago*, 152 id. 37. By the seventh subdivision of section 7 as to plans and specifications it is declared: "Should the engineer or inspector deem it proper or necessary, in the execution of the work, to make any alterations which shall increase or diminish the expense, such alterations shall not violate or annul the contract or agreement hereby entered ,into, but the said engineer or inspector shall determine the value of the work so added or omitted, such value to be added to or deducted from the contract price, as the case may be."

This court passed upon a provision in an ordinance providing for a public improvement similar to the above, in *Lake Shore and Michigan Southern Railway Co.* v. *City of Chicago*, 144 Ill. 391, where it was said: " 'The commissioner of public works reserves the right to make any changes in the foregoing plans and specifications that the said commissioner may deem desirable or necessary, and the contractor shall furnish any additional materials or do any additional work required by such changes, at the rate said department shall determine to be just.' It is enough to say these provisions are condemned in *Foss* v. *City of Chicago*, 56 Ill. 354.  * * *  And it is unnecessary to repeat their reasoning.  * * *  The judgment is reversed and the cause remanded, with directions to the court below to enter judgment refusing to confirm the assessment." To the same effect is *Rich* v. *City of Chicago*, 152 Ill. 18.

The provision as to cross-walks is as follows: "Cross-walks shall be of such form as directed by the engineer, and will be laid at such street intersection or other points on the streets to be paved under these specifications, and

in such manner and according to the grades and plans of the engineer." The provisions referred to do confer a power on the engineer not authorized by law, and render the ordinance invalid.

It is urged by appellant the county of Livingston that the ordinance is void because it provides the tax shall be collected in five installments, the first of which shall be twenty-five per cent of the total tax, and the other seventy-five per cent to be divided into four equal installments, which is not in accordance with the act of 1893, (Laws of 1893, p. 78,) which provides the first installment shall include all fractional amounts, etc. This was not presented by a specific objection, but was urged in argument. We held in *Delamater* v. *City of Chicago*, 158 Ill. 575, the mere failure to include in the first installment all the fractional amounts, leaving the others in multiples of $100, did not render the assessment void. The court had power to change the assessment in that respect if a specific objection had been made, and the failure to do so was a waiver, and that objection could not for the first time be raised in this court.

It is insisted the ordinance is void because it fixes the time at which the installments shall commence to draw interest at January 1, 1896. The statute of 1893 provides the installments shall begin to draw interest thirty days after confirmation. The judgment of confirmation of this case was on September 6, 1896. Because interest began to run nearly three months later than might have been provided, worked no injury to objectors, and they cannot avail of what does not operate to their prejudice. *Worden* v. *Crist*, 106 Ill. 326; *Pontiac Nat. Bank* v. *King*, 110 id. 254; *Farnan* v. *Borders*, 119 id. 228.

Objection was made that the benefits to the property against which the tax was levied were less than the amount assessed, and a jury was demanded to hear and determine that question. We have in *Illinois Central Railroad Co.* v. *City of Wenona*, 163 Ill. 288, discussed that ques-

tion, and will not here repeat what is there said. It was not error to overrule the objections not here specifically discussed.

The judgment of the county court is reversed and the cause is remanded.                    *Reversed and remanded.*