# Jonathan Clark & Sons Company *v.* Pittsburgh, Appellant.

*Municipalities—Municipal contract—Extra work—Advertisements—Acts of May 23, 1874, P. L. 230, and March 7, 1901, P. L. 20—Arbitration clause.*

A municipal contract for the construction of a reservoir in a city of the second class may lawfully provide that the contractor shall do such extra work as the director of public works shall require, and that the compensation for such work shall be its reasonable cost to the contractor, plus ten per cent. for profits, use of tools, etc.   Such a provision does not violate the Acts of May 23, 1874, P. L. 230, and March 7, 1901, P. L. 20, which require municipal contracts to be awarded to the lowest responsible bidder after advertisement for proposals.

Items of extra work which are clearly incidental to the general work, which have been recommended by the engineer in charge, and the cost of which is ascertained beforehand by an understanding with the contractor, may be ordered by the director, and if the work is done by the contractor, he is entitled to compensation therefor.

Where an arbitration clause in a municipal contract provides that any dispute respecting the work, or materials "or respecting any pay for extra work," shall be referred to the director of the department of public works, "whose decision thereon shall be final, conclusive and binding," the decision of the director as to the amount due the contractor for extra work, is conclusive upon the city in the absence of fraud, accident or mistake.

Where a municipal contract authorizes the director to pass upon "any question or dispute . . . . respecting any matter pertaining to" the contract, a decision of the director that the contractor should not be charged for any sum as liquidated damages for delay in completing the work, is binding upon the city.

Argued Oct. 26, 1906.   Appeal, No. 142, Oct. T., 1906, by defendant, from judgment of C. P. No. 2, Allegheny Co., April T., 1903, No. 812, on verdict for plaintiff in case of Jonathan Clark & Sons Company for the use of The Mercantile Trust Company *v.* City of Pittsburgh.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ.   Affirmed.

Assumpsit on a municipal contract.   Before FRAZER, P. J.
The facts are stated in the opinion of the Supreme Court.

At the trial the court refused binding instructions in favor of defendant as to certain items of extra work.  [8, 9, 10]

Defendant presented, inter alia, this point:

5. If the foregoing points are refused, the court is respectfully requested to charge the jury that, unless the jury finds that the items of extra work and materials referred to above in the second, third and fourth points were merely incidental to the work, such items or so much thereof as found not to be incidental cannot be recovered in this case. *Answer :* Refused. [11]

The court charged in part as follows :

[As I said a moment ago, gentlemen, as we understand the law, this award if made by the director is binding upon the parties; they having agreed to submit any differences or disputes that arose between them to the director of the department of public works, it was their duty if any differences arose to submit them to that officer, and if the director heard the parties and made his award they would be bound by it, unless the award was fraudulent in some respect, or was made by accident, or there was some mistake in it; something like an error in adding up the figures, or something of that kind; but so long as there was no fraud, accident or mistake in arriving at the amount due, by the director, the parties would be bound by the award.  Of course, if there was fraud upon the part of the director, or upon the part of either of the parties to the contract, the award would be invalid ; but in this case, as there is no evidence of fraud, accident or mistake, as we understand the law, if the director of the department of public works made an award under the agreement and found in favor of either of the parties, both parties would be bound by it, so that is practically the question you have to determine in this case.  Was Dr. McCandless the director of the department of public works of the city of Pittsburgh on February 24, 1903 ? If he was the director of the department of public works at that time, were the disputes arising under the contract submitted to him ?  Did he act upon them and did he make the award admitted in evidence and read to you ?

The uncontradicted testimony is that he was the director, and that he heard the parties, or one party, after affording

both an opportunity to appear, and that he made an award. If you find this is his award, made under these circumstances, the plaintiff is entitled to recover.] [12]

[The sole question, as I said a moment ago, is : Is that award the award of the director of the department of public works of the city of Pittsburgh, and was it made in accordance with the terms of the contract between the parties? The testimony is that it was, and if you believe the testimony, plaintiff would be entitled to a verdict in its favor and entitled to recover, first, the sum of $102,232.30, with interest from December 4, 1902, and also the sum of $56,960.86, with interest from February 18, 1903, and the balance of $28,334.65, with interest from December 4, 1903. If the award is not an award of the director of the department of public works the verdict should be for the defendant.] [13]

Verdict and judgment for plaintiff for $219,013.08. Defendant appealed.

*Errors assigned* among others were (8–13) above instructions, quoting them.

*A. M. Thompson*, assistant city solicitor, with him *T. D. Carnahan*, assistant city solicitor, and *W. B. Rodgers*, city solicitor, for appellant.—The arbitrator exceeded his jurisdiction in allowing the extra work claims : Ayers v. New Castle, 10 Pa. Superior Ct. 559 ; Lauman v. Young, 31 Pa. 306 ; Somerset Boro. v. Ott, 207 Pa. 539 ; Chandley Bros. & Co. v. Cambridge Springs Boro., 200 Pa. 230 ; March v. Lukens, 214 Pa. 206.

The law relating to contracts of cities prior to the act of 1901, will not support this award : Mazet v. Pittsburgh, 137 Pa. 548 ; Addis v. Pittsburgh, 85 Pa. 379 ; Filbert v. Philadelphia, 181 Pa. 530 ; Ayers v. New Castle, 10 Pa. Superior Ct. 559 ; Hague v. Philadelphia, 48 Pa. 527 ; Lehigh County v. Kleckner, 5 W. & S. 181 ; Frame v. Felix, 167 Pa. 47.

In other jurisdictions, the courts have been zealous in their protection of municipalities from claims of this sort : McBrian v. Grand Rapids, 56 Michigan, 95 (22 N. W. Repr. 206); Brady v. New York City, 20 N. Y. 312 ; Bonesteel v. New York City, 22 N. Y. 162 ; Nelson v. New York City, 63 N. Y.

535 ; In re Merriam, 84 N. Y. 596 ; Dillon on Municipal Corporations, 4th ed., sec. 466.

The Act of March 7, 1901, article XV, sec. 1, P. L. 36, a fortiori renders this award void : Singleton v. Benton, 114 Ga. 548 (40 S. E. Repr. 811) ; Hall v. Kimmer, 61 Mich. 269 (28 N. W. Repr. 96) ; South Carolina R. R. Co. v. Moore, 28 Georgia, 398 ; Hale v. Sharp, 44 Tenn. 275 ; Haley v. Long, 7 Tenn. 93.

The contract on this point permits the city to retain $100 per day for delay from the sum which may finally be due the contractor and this sum is fixed and determined as liquidated damages : Chandley Bros. & Co. v. Cambridge Springs Boro., 200 Pa. 230 ; King Iron Bridge, etc., Co. v. St. Louis, 43 Fed. Repr. 768.

*Wm. A. Stone,* with him *Stephen Stone,* for appellee.—Where a municipal contract provides that the decision of the director of the department of public works shall be final, conclusive and binding upon all parties, and the director signs and approves the estimate for the work done and material furnished by the contractor, the estimate is final, conclusive and binding upon the controller of the city, and he has no discretion to refuse to pay it : Com. ex rel. v. Pittsburgh, 204 Pa. 219 ; Hostetter v. City of Pittsburg, 107 Pa. 419 ; Malone v. Phila., 12 Philadelphia, 270 ; Com. ex rel. v. Philadelphia, 176 Pa. 588 ; Hartupee v. City of Pittsburg, 97 Pa. 107.

OPINION BY MR. JUSTICE BROWN, January 21, 1907 :

Jonathan Clark & Sons Company, a foreign corporation, entered into a contract with the city of Pittsburgh for the construction of a reservoir in Highland Park. The Mercantile Trust Company became surety for the contractor for the faithful performance of its contract. The work was abandoned by the contractor, and the surety, with the consent of the city, undertook to complete it. Upon its completion this suit was brought to recover the balance alleged to be due. The chief contention of the city is as to the amount recovered for extra work, and the reason assigned for asking that it be disallowed is that it had not been awarded to the lowest responsible bidder, as required by the Acts of May 23, 1874, P. L. 230, and March 7, 1901, P. L. 20.

It is not pretended that the contract for the construction of the reservoir was not awarded to the lowest responsible bidder. On March 18, 1897, public notice was given to contractors that sealed proposals would be received until April 6th following for furnishing materials for it and for its construction in accordance with the plans and specifications on file in the office of the Bureau of Water Supply and Distribution. On May 13, 1897, after due advertisement, the contract was awarded to Jonathan Clark & Sons Company. One of its provisions was that the contractor would do such extra work as might be required by the Director of the Department of Public Works for the proper construction and completion of the reservoir and its appurtenances; that it would not be entitled to payment for extra work unless the same should be done in obedience to a written order from the Director; that all accounts for extra work done in any month should have the original order attached to them and be filed in writing with the Director before the tenth day of the following month; and that the compensation to be paid for all extra work should be its reasonable cost to the contractor for labor and materials actually used, as determined by the Director, plus ten per cent. for profit, use of tools, etc. This provision, limiting the compensation to be paid for extra work, was known to all bidders, from the lowest responsible one to the highest, and was, of course, taken into consideration by them in submitting their proposals; and it contravenes neither the letter nor the spirit of the act of 1874 or 1901. The contract itself was awarded to the lowest responsible bidder, and, having been for the construction of a reservoir more than likely to require, from time to time, necessary extra work not definitely provided for in the contract, because not to be foreseen when it was executed, it would have been improvident on the part of the city not to have inserted the provision limiting the amount to be paid to the contractor for the same. By fixing the limitation on the amount to be paid for extra work that might be required the city did about all it could have done to protect itself from imposition by the contractor in doing such work. It announced to the bidders, through its advertisement, what would be the definite basis of compensation for the same, and in bidding on the general work they knew exactly what profit there would

be in the incidents to it, designated as extra work. If a city should not be permitted to insert in a contract for municipal improvements a provision for the payment for extra work becoming necessary as the general work progresses, but must always award the same to the lowest responsible bidder, after advertisement for proposals, there would be inevitable delay in the completion of the work called for in the contract, with no certainty of any saving to the city, but with likelihood of greater cost than if the extra work were done under a provision similar to the one in this contract; and if each item of extra work should be awarded to a separate bidder, the confusion to follow in the general work may be well imagined, even if the imagination of the distinguished counsel for appellee is stretched in likening it in his brief to " the confusion of tongues that occurred in the construction of the Tower of Babel."

It is conceded by appellant that the Director of the Department of Public Works had authority to direct minor and incidental changes which became necessary in the construction of the reservoir. As he undoubtedly had such authority, did he exceed it in ordering the extra work, to the payment of which the city now objects? The three items were for strengthening a concrete layer by the insertion of ribs, for increasing the thickness of a cement finish, and for drainage for the protection of the embankment and slopes. These were required only after the engineer in charge of the construction of the reservoir had formally recommended each of them to the Director, and after that officer had satisfied himself that the recommendations were proper. But even then the contractor was not directed to do this extra work until there was a definite understanding as to what it was to cost, in accordance with the terms of the contract providing for its payment. The items were clearly incidental to the general work. The appellant made no attempt to prove that they were not, but asked the court to instruct the jury that the appellee could not recover for such items of extra work as were not incidental. Prima facie, they were all incidental, and, without proof to rebut this, the jury ought not to have been allowed to find otherwise.

By one of the clauses in the contract it is provided : " In

case any question or dispute shall arise between the party of the second part hereto and the said city of Pittsburgh, party of the first part hereto, under the said plans, specifications or terms of this contract, respecting the quality, quantity or value of the work or labor done or materials furnished; or to be done or to be furnished, or any of the terms, stipulations, covenants or agreements herein contained, or respecting any pay for extra work, or respecting any matter pertaining to this contract, or any part of the same, said question shall be referred to the Director of the Department of Public Works of the city of Pittsburgh, whose decision thereon shall be final, conclusive and binding upon all parties without exception or appeal, and all right or rights of any action at law or in equity under and by virtue of this contract, and all matters connected with and relative to the same are hereby expressly waived by the party of the second part." Under the authority conferred upon him by this clause the Director found the amount due the appellant for extra work, and his finding was " final, conclusive and binding," in the absence of fraud, accident or mistake. As to this feature of the case, the instruction to the jury was so manifestly correct that we need say nothing in its vindication.

Another complaint of the appellant is that the Director had no authority to pass upon the claim of the city for $100 per day for delay in completing the work. One of the provisions of the contract was that the city might retain from the contractor, as liquidated damages for the non-completion of the work within the time stipulated for its completion, the sum of $100 per day for each day's delay. The arbitrator found that neither Jonathan Clark & Sons Company nor the Mercantile Trust Company had unduly delayed the construction of the reservoir, and that neither of the said parties should be charged the sum of $100 per day, nor any sum whatsoever, as liquidated damages for delay in completing the work. The delay may have been caused by the extra work required by the city ; but, be this as it may, this claim was disputed by the appellee, and its settlement came within the very broad powers conferred upon the Director, authorizing him to pass upon " any question or dispute . . . . respecting any matter pertaining to " the contract. In Chandley Brothers & Co. v. Cambridge Springs Borough, 200 Pa. 230, cited by the appellant, the engineer

attempted to go beyond the limited powers conferred upon him. Here the arbitrator did what he was expressly authorized to do, for he passed upon a question or dispute respecting a matter pertaining to the contract.

The assignments are all overruled and the judgment is affirmed.