[No. 11766.   Department One.   October 9, 1914.]

UNION IRON WORKS, *Respondent*, v. THOMAS STRAUSER *et al.*,
*Defendants*, FIDELITY & DEPOSIT COMPANY,
OF MARYLAND, *Appellant*.[1]

STATES—BUILDING CONTRACTS—PERFORMANCE—FINAL ACCEPTANCE
—ACTION ON BOND—MATERIALMEN.   The architect's final certificate
of construction is a conclusive acceptance of a building erected un-
der the direction of the state board of control, where the contract
gave the architect complete control of the work, and provided for
payments on the architect's certificates, the final payment to be
made when the work was completed, and accepted by the "owner
and architect," and that no certificate except the final one shall be
conclusive evidence of the performance of .the contract; hence a
materialman, in order to maintain an action on a bond given to
secure the performance of the contract, must file a claim within
thirty days after such acceptance of the work, as required by Rem.
& Bal. Code, § 1161.

SAME — CONTRACTS — FINAL ACCEPTANCE — DELEGATION TO ARCHI-
TECTS.   Where the state board of control has been given power to
contract for public buildings, without limitations forbidding such·
delegation, it may delegate to the architects the right to determine
when the work contracted for conforms to the contract and specifi-
cations, and to finally accept the work if the contract was satisfied
in that regard.

SAME — ACCEPTANCE "BY BOARD" — DELEGATION — CLAIMS AGAINST
CONTRACTOR'S BOND.   Rem. & Bal. Code, § 1161, providing that claims
against a bond for the protection of materialmen furnishing sup-
plies to contractors on public work shall be filed within thirty days
after completion of the work and acceptance "by the board" is not a
limitation on the right of the state board of control to delegate to
the architects the right to accept the building.

MUNICIPAL CORPORATIONS — IMPROVEMENTS — CONTRACTOR'S BOND—
TIME FOR FILING CLAIM.   A materialman furnishing supplies to a con-
tractor on public work, and entitled to file a claim against the con-
tractor's bond within thirty days after completion and acceptance
of the work, must take notice of the architect's acceptance as the
act of the board where acceptance had been delegated to the archi-
tect; especially in view of his right to file a claim against the bond
at any time after the completion of his contract, regardless of com-
pletion of the work of the contractor.

[1]Reported in 143 Pac. 446.

Appeal from a judgment of the superior court for Spo-
kane county, Blake, J., entered July 7, 1913, upon findings
in favor of the plaintiff, in an action upon a surety bond
tried to the court.  Reversed.

*Danson, Williams & Danson* (*George D. Lantz*, of coun-
sel), for appellant.

*Post, Avery & Higgins*, for respondent.

MAIN, J.—This action was instituted for the purpose of
recovering upon a surety bond for material furnished to
T. Strauser and son, who had a contract for the construction
of the Northern Hospital for the Insane, at Sedro Woolley,
Washington.  The cause was tried to the court sitting with-
out a jury.  Judgment was entered for the plaintiffs.  The
defendant Fidelity & Deposit Company of Maryland appeals.

The facts in this case are not materially different from
those in the case of *Wheeler, Osgood Co. v. Fidelity & De-
posit Co.*, 78 Wash. 328, 139 Pac. 53.  The plaintiff here
occupies a corresponding position to the Wheeler, Osgood
Company in that case.  The principal question involved is
whether the board of control, in the contract which it made
with Strauser and son, had delegated to the architects the
power to accept the building.  In the *Wheeler, Osgood Co.*
case, it was held that, under the terms of the contract, such
power was given to the architects and that the architects had,
in fact, accepted the building on December 6, 1912.  The
claim against the bond in the present case was filed with the
board on January 8, 1913.  Without detailing the facts or
reviewing the law, it may be said that the decision of this
question has been determined adversely to the contention of
the respondent in the *Wheeler, Osgood Co.* case.

The other point involved is whether the board had the pow-
er to delegate to the architects the right to accept the build-
ing when it should conform to the contract.  The law ap-
pears to be that, where the body acting for the state, county,
municipality, or other public body, has been given power, by

statute or charter, to contract for public buildings or improvements, such body acting for the state or other public body, in the absence of a limitation which forbids such delegation, may delegate to an architect, engineer, or other proper person, the right to determine when the work contracted for conforms to the specifications. This is not an attempted delegation of the right to exercise the judgment or discretion vested in a body acting for the public, but is a delegation of the right to determine a fact; that is, to determine whether the building or improvement constructed is in accordance with the terms of the contract and specifications. This fact is to be determined as any other question of fact. The board of control had the power to authorize the architects to determine whether the building conformed to the plans and specifications, and if they found that the contract was satisfied in that regard, to accept the work. *State ex rel. Murphy v. Coleman*, 71 Wash. 15, 127 Pac. 568; *Omaha v. Hammond*, 94 U. S. 98; *City of Trinidad v. Hokasona*, 178 Fed. 438; *Jonathan Clark & Sons Co. v. City of Pittsburgh*, 217 Pa. 46, 66 Atl. 154; *Richardson v. Mehler*, 111 Ky. 408, 63 S. W. 957; *McGuire v. City of Rapid City*, 6 Dak. 346, 43 N. W. 706, 5 L. R. A. 752; *Bradford v. City of Pontiac*, 165 Ill. 612, 46 N. E. 794.

The respondent, however, claims that, since the statute, Rem. & Bal. Code, § 1161 (P. C. 309 § 97) provides that the claim against the bond must be filed within thirty days from and after the completion of the contract and the acceptance of the work by the board, therefore, the board had no power to delegate to the architects the right to accept the building. It is true, the statute says that the claim must be filed within thirty days after the acceptance of the work "by the board," but this falls short of being a limitation upon the board's right to delegate to the architect the right to determine when the building conformed to the contract and specifications. The board having constituted the architects its agent while acting within the powers conferred,

the act of the architects becomes the act of the board. The inquiry is made as to what protection the claimant has if he cannot depend upon the action of the board itself, but must take notice of acceptance by the agent. This question may be answered by citing *Cascade Lumber Co. v. Aetna Ind. Co.*, 56 Wash. 503, 106 Pac. 158, and the recent case of *Washington Monumental & Cut Stone Co. v. Murphy*, 81 Wash. 266, 142 Pac. 665. In those cases, it is held that a materialman or subcontractor had the right, at any time after completing his contract and before the completion of the work by the principal contractor and its acceptance, to file his claim against the bond. The respondent, at any time after he completed the furnishing of the material for which he had contracted with Strauser and son, had the right to file with the board his claim against the bond.

The judgment of the superior court will be reversed, and the cause remanded with direction to dismiss.

CROW, C. J., ELLIS, and GOSE, JJ., concur.