[No. 12034.    Department Two.    March 22, 1915.]

McGOWAN BROTHERS HARDWARE COMPANY, *Respondent*, v.
FIDELITY & DEPOSIT COMPANY OF MARYLAND, *Appellant*.[1]

STATES—BUILDING CONTRACTS—PERFORMANCE — FINAL ACCEPTANCE
—ACTION ON BOND—MATERIALMEN.   The architect's final certificate of
construction is a conclusive acceptance of a building erected under
the direction of the state board of control, where the contract gave
the architect complete control of the work, and provided for pay-
ments on the architect's certificates, the final payment to be made
when the work was completed, and accepted by the "owner and
architect," and that no certificate except the final one shall be con-
clusive evidence of the performance of the contract; hence a material-
man, in order to maintain an action on a bond given to secure the
performance of the contract, must file a claim within thirty days
after such acceptance of the work, as required by Rem. & Bal. Code,
§ 1161.

SAME — CONTRACTS — FINAL ACCEPTANCE — DELEGATION TO ARCHI-
TECTS.   Where the state board of control has been given power to
contract for public buildings, without limitations forbidding such
delegation, it may delegate to the architects the right to determine
when the work contracted for conforms to the contract and specifi-
cations, and to finally accept the work if the contract was satisfied
in that regard.

STATES — CONTRACTS—ACCEPTANCE BY ARCHITECT — IMPEACHMENT.
An architect's certificate of the completion of a state building cannot
be impeached, in the absence of a showing of fraud on his part, by
the fact that the date of completion was recited as of a later day
in a labor report of the state's construction superintendent.

Appeal from a judgment of the superior court for Spokane
county, Blake, J., entered July 1, 1913, upon findings in favor
of the plaintiff, in an action on contract, tried to the court.
Reversed.

*Danson, Williams & Danson* (*George D. Lantz*, of counsel),
for appellant.

*Merritt, Oswald & Merritt*, for respondent.

[1]Reported in 147 Pac. 44.

ELLIS, J.—This is an action to recover upon the same surety bond given to secure the performance of the same contract as involved in the cases of *Wheeler, Osgood Co. v. Fidelity & Deposit Co.*, 78 Wash. 328, 139 Pac. 53, and *Union Iron Works v. Strauser*, 82 Wash. 51, 143 Pac. 446.

The contract was let by the state, through its board of control, to T. Strauser and Son, for the erection of the administration building of the Northern Hospital for the Insane, at Sedro Woolley. For the facts touching the character and provisions of the contract, the completion of the building by the contractor, and the acceptance thereof by the architect, reference is made to the opinion in the *Wheeler, Osgood Co.* case, in which a detailed statement appears.

The plaintiff in the present action furnished material for the building aggregating $2,260.43, and filed its claim against the bond with the state board of control on January 8, 1913. The case was tried to the court without a jury. Judgment was entered for the plaintiff. The defendant, Fidelity & Deposit Company of Maryland, appeals.

In the *Wheeler, Osgood Co.* case, as pointed out in the *Union Iron Works* case, the principal question involved was whether the board of control, in the contract made with Strauser and Son, delegated to the architect the power to accept the building. In the first mentioned case, that question was decided in the affirmative, and on the evidence it was held that the architect did, in fact, accept the building as completed on December 6, 1912. A petition for rehearing was denied.

In the *Union Iron Works* case, the further question of law, whether the board could legally delegate to the architect the right to accept the building when it should conform to the contract, was involved. We held that:

"The board of control had the power to authorize the architects to determine whether the building conformed to the plans and specifications, and if they found that the contract was satisfied in that regard, to accept the work."

We further held that:

"The board having constituted the architects its agent while acting within the powers conferred, the act of the architects becomes the act of the board."

An exhaustive petition for rehearing was filed in that case, seeking a review of the question of law involved, and of the evidence as to when in fact the architect accepted the work. After a careful consideration, that petition was denied.

The evidence in this case was, in every material particular, the same as that in the *Union Iron Works* case. The same questions, both of law and fact, presented in that case are presented here. We have again reviewed the evidence. It is clear that the entire board of control, with one of the architects, inspected the building on December 2, 1912, and found it complete with the exception of certain minor items. The architect remained on the ground for two or three days, and after returning to Seattle, was informed by telephone by Dr. McLeish, the superintendent of the hospital, that the items of work above referred to had been performed, whereupon the architects, on December 6, 1912, made their final certificate, and on December 7, 1912, transmitted it to Dr. McLeish with direction to hold the same until a release was obtained by the contractors from their surety. If this was not an acceptance, then there has been none to this day, so far as the record shows. The fact that, on December 17, 1912, the board notified the Union Trust & Savings Bank of Spokane, through which the contractors had secured their bond, that the building had been accepted and that the final estimate would be paid as soon as the contractors had made settlement of the premiums due the state industrial insurance commission, does not alter the matter further than as tending to show that the surety had notice that the building had in fact been accepted prior to that time.

The fact now urged, that a labor report of the state's construction superintendent was received on December 13, advising that the final work on the building had been done

after the date of the architects' certificate, we regard as immaterial. It could not impeach the certificate in the absence of some showing of fraud on the architects' part. Nothing of the kind appears.

We find nothing in the record which warrants a reversal of the holding in the *Wheeler, Osgood Co.* and *Union Iron Works* cases that the building was accepted on December 6, 1912, and that the respondent's notice filed on January 8, 1913, was tardy.

Following those decisions, we reverse this judgment and remand the cause for dismissal as to the surety company.

Crow, Fullerton, Mount, and Main, JJ., concur.