## Automatic Voting Machine Corporation v. Witkin et al.

*Duane, Morris & Heckscher*, for plaintiff.
*William T. Connor*, for defendants.

FLOOD, J., August 14, 1948.—This is a statutory demurrer (filed before the adoption of the procedural rules governing actions at law) to a statement of claim in assumpsit seeking recovery of $10,042.50, with interest, from defendant for certain attachments furnished by plaintiff for the county's voting machines. The voting machines had previously been sold to defendants under an admittedly valid contract. The attachments were made necessary as a result of a suit, decided by the Supreme Court, based upon the inadequacy of the voting machines to carry all of the candidates at the November 1936 general election. The contract for supplying the attachments was made verbally.

The statutory demurrer is based upon the fact that the contract is void since the Act of April 7, 1927, P. L. 177, 1 PS §1427, requires all such contracts to be in writing.

Plaintiff urges three grounds of recovery:

1. Plaintiff suggests that the work is incidental to the main contract and therefore a recovery may be had even though the statutory formalities have not been complied with, citing Clark & Sons Company v. Pittsburgh, 217 Pa. 46 (1907) and Commonwealth ex rel. v. Jones, 283 Pa. 582 (1925), at p. 586. We disagree with this contention. The Act of 1927, supra, requires that all contracts involving more than $300 (1) be in writing and (2) be awarded to the lowest bidder. The two cases just cited indicate that if the work done under a second contract is merely incidental to the work done on the first contract, which is the major contract, it is not necessary to ask for bids. They do not hold that the contract need not be in writing.

In this case it is true that these attachments costing approximately $10,000 were an incidental part or addition to the work done under the original contract costing $1,500,000. It is easy to see that competitive bidding should not necessarily be required in such a situation since it would be quite impractical to have one person performing the main contract and another coming in to perform incidental parts of it while the main contractor is still on the job. It is also easy to see how in a case such as this where apparently plaintiff is the only company which makes these machines, nobody other than plaintiff could perform the incidental work necessary so that if plaintiff were not given this contract, entirely new machines might be necessary. This indicates that perhaps this work might be given to plaintiff without competitive bidding, because that safeguard for the county's contract is impractical. But it does not in any way make impractical the second safeguard in the requirement of a written contract. The protection given to the county under the act in the requirement of a written contract need not be dispensed with in a situation such as this. If it need not be dispensed with, it must not be dispensed with. We cannot agree with the argument that this

contract could be made orally merely because it was incidental to the main contract.

2. In the second place, plaintiff claims that this contract was entered into to meet an emergency. It was made necessary by a suit which was started only about a month prior to the general election, demanding that additional names be printed upon these voting machines. Therefore, there was not time to observe the formalities. See Davidowitz et al. v. Philadelphia, 324 Pa. 17 (1936). Again, we can see why this emergency might make it impossible to get competitive bids and why it might make it impossible under the situation then existing to give the work to anyone other than plaintiff. While we have been referred to no cases on this point in Pennsylvania, we can see that there might be situations in which the emergency might make impractical the safeguard of competitive bidding. But again, the emergency does not in any wise make impractical the other safeguard for the taxpayer in this act, requiring that the county's contracts be in writing. Again, the emergency argument is no ground for dispensing with the requirement that the contract be in writing.

It is one thing to say that contracts which are merely incidental to other contracts, or which are given under emergency situations, should be given without competitive bidding because that is impractical. It is quite another thing to say that those contracts may be merely verbal. They create no such necessity as would justify such a loose method of municipal housekeeping. Nothing would make easier the evils which the requirement of a written contract was intended to prevent than to say that either an emergency contract or incidental additions to an earlier written contract could be validly made without even the formality of a writing. Plaintiff cannot recover on the oral contract.

3. Plaintiff urges in the third place that it may recover on quasi contract since the city has received the benefits of this contract and has not returned them.

In this we think it is on solid ground under the pleadings. These attachments, for all that we can see from the pleadings, which are all that we have before us, are not like improvements to real estate which cannot be separated from the real estate or returned. See Luzerne Township v. Fayette County, 330 Pa. 247 (1938). They are rather the sort of materials that could be returned. If, instead of so doing, the county retains these articles and makes use of them, plaintiff is entitled to recover on a quantum valebat. See the dictum in Luzerne Township v. Fayette County, supra, at p. 253, and the article on the quasi-contractual liability of municipal corporations by Professor Tooke, 47 Harvard Law Review 1143, therein cited. The pleadings do not make clear just precisely what the situation is with regard to these machines, but the statement of claim does set forth a cause of action for goods sold and delivered. Upon the face of the pleadings before us, there is nothing to prevent a recovery. It appears to us that there should be a full hearing and a development of all the facts at the trial, at which time it can be determined whether or not plaintiff is entitled to recover on a quantum valebat.

The affidavit of defense in nature of demurrer is overruled. Defendants may file an answer to the merits within 20 days.