[No. 31988.   Department Two.   October 2, 1952.]

NATIONAL BLOWER & SHEET METAL COMPANY et al., Respondents, v. AMERICAN SURETY COMPANY OF NEW YORK, Appellant.[1]

[1]Reported in 248 P. (2d) 547.

*Lewis L. Stedman* (of *Stedman & Stedman*), for appellant.

*Joseph H. Gordon* and *Henderson, Carnahan, Thompson & Gordon*, for respondents National Blower & Sheet Metal Company and Tacoma Glass Company.

*Merwin E. Casey,* for respondent F. T. Crowe & Company, Inc.

*· Eisenhower, Hunter & Ramsdell,* for respondent Larsen Brothers Painting Company.

HILL, J.—The question of what constitutes acceptance of work within the purview of Rem. Rev. Stat., § 1161 [P.P.C. § 180-47] (which differs somewhat from RCW 39.08.030-.060, inclusive), is again before the court.

Ruff Construction Company built an addition to and remodeled the Edgemont school for Pierce county school district No. 342. The American Surety Company of New York, appellant here, executed the performance bond.

We quote an excerpt from the minutes of the board of directors of the school district under date of November 13, 1950:

"Mr. Perrow, the Architect, was present to give the final report on the completion of the additional unit to the Edgemont School and recommended that the Board of Directors accept the contracts as complete. It was moved by Mr. Melsness, seconded by Mr. Leighton that the Board of Directors accept the contract of the Ruff Construction Company as complete subject to the completion of certain items referred to in their letter of November 13th, a copy of which is attached to these minutes. These items are to be completed within the 30 day waiting period; that the contracts of the Rees Electric Company and Bergh Griggs be accepted as complete. This motion was unanimously carried."

The body of the letter referred to, from Ruff Construction Company to the school board, is as follows:

"I am writing you this letter at the request of Marshall Perrow, Architect, setting forth the items which are lacking for the completion of the school additions which we have recently built.

· "There are three items missing for the final completion of this job. These items are:

| | |
|---|---|
| "2 Door Closers | $64.58 |
| 7 Soap Dispensers | 80.50 |
| Non-skid Tile, Boys' Entrance | 75.00 |
| Installation Allowance for these items | 40.00 |
| | $260.08 |

"These items have been on order for quite sometime and we expect delivery very soon."

April 3, 1951, the directors of the school district passed a second resolution, reading as follows:

· " 'Whereas the contract for the construction of an additional unit to the Edgemont School has now been completed in its entirety to the satisfaction of the Directors of the School District #342, including those items listed as incompleted in letter of Ruff Construction Company dated November 13th addressed to the School Board; Now, therefore, be it Resolved that the said contract be and the same is hereby finally accepted as complete, without qualification, by the Board of Directors of Edgemont School District No. 342.' "

If the motion of November 13, 1950, constituted an acceptance of the work within the purview of the statute, there are certain questions which must be considered, as to the timeliness and the form of claims filed by the respondents and additional respondents; however, it is conceded that, if there was no acceptance of the work until April 3, 1951, the claims of the respondent and additional respondents were all timely filed and in proper form and all the respondents were entitled to judgment against the bonding company.

Our statutes state that a contractor doing work for the state, a county, municipality or other public body, city, town or district, shall be required to give a bond to the board, council, commission, trustees or body with which he contracts, conditioned upon the faithful performance of all the provisions of the contract and payment of all laborers, mechanics, subcontractors, materialmen and all other persons

who shall supply provisions and supplies for the carrying on of such work (Rem. Rev. Stat., § 1159; *cf.* RCW 39.08.010); and further state that the laborers, mechanics, etc., shall have a right of action on such bond, but with the proviso that their right of action shall be dependent upon their filing with such board, council, etc., notice in writing setting forth the nature of their claims (Rem. Rev. Stat., § 1161; *cf.* RCW 39.08.040). It is the time limit placed upon the filing of such claims with which we are here concerned.

From 1899 to 1915, the statutory provision relative to that time limit was as follows:

" . . . Provided, that such persons shall not have any right of action on such bond for any sum whatever, unless within thirty (30) days from and after the completion of the contract with and acceptance of the work by the board, council, commission, trustees, or body acting for the state, county or municipality, or other public body, city, town or district, the laborer, mechanic or subcontractor, or material-man, or person claiming to have supplied materials, provisions or goods for the prosecution of such work, or the making of such improvement, shall present to and file with such board, council, commission, trustees or body acting for the state, county or municipality, or other public body, city, town or district, a notice in writing in substance as follows: [Form of notice follows.] . . ." Rem. & Bal. Code, § 1161.

In 1915 the wording of the proviso was changed to the following:

" . . . Provided, that such persons shall not have any right of action on such bond for any sum whatever, unless within thirty (30) days from and after the completion of the contract with an acceptance of the work by the *affirmative action of the board,* council, commission, trustees, officer, or body acting for the state, county or municipality, or other public body, city, town or district, the laborer, mechanic or subcontractor, or materialman, or person claiming to have supplied materials, provisions or goods for the prosecution of such work, or the making of such improvement, shall present to and file with such board, council, commission, trustees or body acting for the state, county or municipality, or other public body, city, town or district, a notice in writ-

ing in substance as follows:   [Form of notice follows.] . . . ." Rem. Rev. Stat., § 1161. (Italics ours.)

And that continues to be the law to the present date, although RCW 39.08.040 changes the wording, making the proviso read as follows:

" . . . but no right of action shall exist unless, within thirty days after the completion of the contract and the acceptance of the work by the affirmative action of the board, council, commission, or body acting for the state, county, municipality, or other public body, the claimant presents to and files with such governing body a notice in writing in substance as follows:   [Form of notice follows.]"

The important change made by the 1915 amendment, it will be noted, is the requirement that the acceptance of the work shall be by "affirmative action of the board," etc. This amendment followed a series of cases in which the acceptance had been by the architects and city engineers. *Wheeler, Osgood Co. v. Fidelity & Deposit Co.*, 78 Wash. 328, 139 Pac. 53 (1914); *Union Iron Works v. Strauser*, 82 Wash. 51, 143 Pac. 446 (1914); *McGowan Brothers Hardware Co. v. Fidelity & Deposit Co.*, 84 Wash. 470, 147 Pac. 44 (1915); *Denny-Renton Clay & Coal Co. v. National Surety Co.*, 93 Wash. 103, 160 Pac. 1 (1916).

We have recognized that "an acceptance of the work," as required by the present statute, must be final and absolute, and that a conditional acceptance is not sufficient to start the running of the thirty-day period within which claims must be filed.   *Union High School Dist. No. 400 v. Pacific Northwest Constr. Co.*, 148 Wash. 594, 269 Pac. 809 (1928); *Seattle Plumbing Supply Co. v. Maryland Cas. Co.*, 151 Wash. 519, 276 Pac. 552 (1929); *John Dower Lbr. Co. v. New Amsterdam Cas. Co.*, 152 Wash. 186, 277 Pac. 696 (1929); *United States Pipe & Foundry Co. v. Goerig*, 31 Wn. (2d) 22, 195 P. (2d) 91 (1948).

In the instant case, the trial court held that the action by the board of directors on November 13, 1950, was a conditional acceptance only and not such an acceptance as starts the running of the thirty-day period within which claims against the bond may be filed, and that there was no such

acceptance of the work until the action of the board on April 3, 1951. If that holding is affirmed, it renders unnecessary the determination of the other questions raised on this appeal.

■ We direct attention to the excerpt from the minutes of the school board bearing date of November 13th heretofore quoted. There we find illustrations of both final and conditional acceptance of work. The contracts of Rees Electric Company and Bergh Griggs were accepted as complete, while the contract of Ruff Construction Company was accepted "as complete subject to the completion of certain items referred to in their letter of November 13th." We must agree with the trial court that this was a conditional acceptance as to the latter company, and not the final and absolute acceptance contemplated by the statute, which did not occur in this case until April 3, 1951.

To support its contention that the action of the board on November 13, 1950, was such an acceptance of the work as started the running of the thirty-day period, appellant cites *Denny-Renton Clay & Coal Co. v. National Surety Co.,* 93 Wash. 103, 160 Pac. 1 (1916); *Union High School Dist. No. 400 v. Pacific Northwest Constr. Co., supra; Seattle Plumbing Supply Co. v. Maryland Cas. Co., supra.*

The facts and circumstances of those cases have been reviewed several times. *Pearson v. Puget Sound Machinery Depot,* 99 Wash. 596, 169 Pac. 961 (1918); *John Dower Lbr. Co. v. New Amsterdam Cas. Co., supra; Pratt v. Pautzke,* 174 Wash. 171, 24 P. (2d) 442 (1933); *United States Pipe & Foundry Co. v. Goerig, supra.* To again restate them in detail would be unnecessarily repetitious. We have repeatedly emphasized that the acceptance of the work in those cases was not conditional, but final and absolute. It is difficult to imagine a more complete and unconditional acceptance than that in the *Denny-Renton Clay & Coal Co.* case, where the city engineer certified that the job was " 'one hundred per cent completed.' " (The contract gave the engineer authority to accept the work.) That case and three cases which preceded it (*Wheeler, Osgood Co. v. Fidel-*

*ity & Deposit Co., supra; Union Iron Works v. Strauser, supra;* and *McGowan Brothers Hardware Co. v. Fidelity & Deposit Co., supra*) turned not so much on the finality of the acceptance, of which there was no doubt, as on the issue of whether architects and engineers could bind their principals by their acceptance of the work.

In the *Union High School District* case, the school board minutes of November 24, 1925, showed: " 'Motion by Hemingsen, seconded by Reed, that we accept the school building on Mr. Millis' recommendation. Motion carried.' " It was argued that the board of directors there acted on the basis of a letter by the architect in which reference was made to certain things that remained for the contractor to do, and that the acceptance was therefore necessarily conditional; but we said:

"The difficulty facing this argument is that the resolution of acceptance does not appear to be conditional. It is an absolute acceptance of ·the building."

In the *Seattle Plumbing Supply Company* case, *supra*, a plumbing contract had been completed except for the installation of a lawn sprinkler system, which could not be put in because another contractor had not yet completed the grading. The school board withheld $150 from the contract price to cover the cost of installing the lawn sprinklers, and adopted the following resolution:

" 'Whereas, the contract of P. J. Lavan, covering plumbing work on the addition to the Franklin high school, in the original amount of $5,127, with certified extras amounting to $140, or a total amount of $5,267, has been reported as completed and ready for acceptance,

" 'Be it resolved, That said contract is hereby declared completed and the work accepted, subject to terms as to repair of any defective work discovered within a year, as expressed in the contract, and subject to all necessary clean-up work.' "

In our opinion in that case, we said:

"Certainly the board of directors, by its affirmative action in the adoption of the resolution above mentioned, not only declared that the contract was completed, but that it ac-

cepted the work, precisely as the statute calls for. . . . "The action of the board by its resolution, like that involved in the recent case of *Union High School District No. 400 v. Pacific Northwest Construction Co.*, 148 Wash. 594, 269 Pac. 809, was in no way conditional, but absolute."

An analysis of the three cases relied upon by appellant discloses that, in the *Denny-Renton Clay & Coal Co.* case, *supra*, there was cleanup work yet to be done, which we held to be immaterial; in the *Union High School District* case, *supra*, there were still certain things, unenumerated, which the contractor was required to do; and in the *Seattle Plumbing Supply Company* case, *supra*, the acceptance was subject to "all necessary clean-up work" and $150 was retained from the contract price, to be paid to whoever might do the work which could not then be done. In each instance the language of the challenged acceptance was unequivocal and unconditional, except as to "necessary clean-up work" in the *Seattle Plumbing Supply Company* case; and in each instance we held that the challenged acceptance was final and absolute and that the statutory thirty-day period began to run from the date of that acceptance. The *Seattle Plumbing Supply Company* case must be regarded as holding squarely that an acceptance subject to necessary cleanup work does not make the acceptance conditional.

The language of the acceptance in the present case is clearly conditional, and is readily distinguishable from the language of the acceptances in the cases relied upon by appellant.

■ We have recognized, at least since *McGowan Brothers Hardware Co. v. Fidelity & Deposit Co.*, *supra*, that, even where a small amount of work remains to be done on a contract after the date of an acceptance of the work, by the proper authorities, absolute and final in its terms, the period for the filing of claims against the bond begins to run from the date of such acceptance, in the absence of fraud in making the acceptance. *Denny-Renton Clay & Coal Co. v. National Surety Co.*, *supra*; *Pearson v. Puget Sound Machinery Depot*, *supra*; *Union High School Dist. No. 400 v.*

*Pacific Northwest Constr. Co., supra; Seattle Plumbing Supply Co. v. Maryland Cas. Co., supra.* But we have found no Washington case in which it is held that an acceptance conditioned upon the performance of certain enumerated work called for by the contract is such an acceptance as starts the running of that period; and we decline to so hold.

The judgment is affirmed.

SCHWELLENBACH, C. J., HAMLEY, FINLEY, and OLSON, JJ., concur.

[1]Reported in 248 P. (2d) 568.